**FLYNN v. PONCA CITY MILLING CO. et al.**

No. 9499—Opinion Filed Dec. 31, 1918.

(177 Pac. 366.)

(Syllabus.)

**Master and Servant—Workmen's Compensation Act—Opinion Evidence—Consideration by Industrial Commission — Vacation of Award.**

In a proceeding under the Workmen's Compensation Law, chapter 246, Sess. Laws 1915, unsworn opinion evidence, given without notice to the employer or the insurer that it was to be offered to the commission or that it was filed, and without opportunity to interrogate such witness, or to make further proof to controvert such evidence, should not be considered by the commission, and where it appears the findings and conclusion of the commission were based on such opinion evidence the award will be vacated and the cause remanded to the commission.

Appeal from State Industrial Commission.

Claim for compensation by Frank Flynn against the Ponca City Milling Company and the Millers' Mutual Casualty Company. From an award of the Industrial Commission in favor of the claimant, the companies appeal. Award set aside, and cause remanded to the commission.

Twyford, Smith and Crowe, for respondent.

OWEN, J. This is an appeal from an award made by the Industrial Commission in favor of the claimant, Frank Flynn.

Flynn claimed to have been injured by a flour truck striking him in the side, which resulted in the formation of an abscess on the side of his chest.

The principal question at issue at the hearing was whether this abscess was the result of the accident. Without notice to either party, a transcript of the testimony was submitted to the medical adviser of the commission, who gave his written opinion to the effect that the abscess probably resulted from the injury. On this opinion the commission based its findings and conclusion. The statement of this physician was not under oath, and neither party to the cause was given an opportunity to interrogate him or offer additional evidence.

The Attorney General has filed a confession of error based on this action of the commission, and a motion asking that the cause be remanded to the Industrial Commission for further proceedings.

The cases of Englebretson v. Indus. Accident Com., 170 Cal. 793, 151 Pac. 421, and Pac. Coast Cas. Co. v. Pillsbury, 171 Cal. 319, 153 Pac. 24, support the confession filed by the Attorney General.

The confession of error and motion to remand will be sustained. The award will be set aside, and the cause remanded to the Industrial Commission for further proceedings.

All the Justices concur, except KANE and RAINEY, JJ., not participating.