## WARREN CITY TANK & BOILER CO.
## et al. v. MILLHAM et al.

No. 18168. Opinion Filed Sept. 11, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Evidence Inadmissible Where Obtained in Hearing Held Outside State Without Complying With Statutory Procedure for Taking Depositions—Award not Sustained.**

Evidence taken by the State Industrial Commission in the state of Colorado, before the referee of the Industrial Commission of Colorado, without complying with the law of Oklahoma in regard to notice and the manner of taking testimony without the state, is inadmissible in an industrial case in the state of Oklahoma, and is insufficient to sustain an award.

2. **Same—Findings of Industrial Commission not Conclusive on Appeal if Unsupported by Competent Evidence.**

Section 7294, C. O. S. 1921, makes a finding of fact by the State Industrial Commission conclusive upon this court when there is any evidence to support the same, but where there is an entire absence of competent evidence on which to base a material finding necessary to support an award of compensation, this court must declare as a matter of law that said award is invalid.

Original action by the Warren Tank & Boiler Company and another to review an award of Workmen's Compensation to J. A. Millham by the State Industrial Commission. Reversed, with directions.

Clayton B. Pierce, for petitioners.

Edwin Dabney, Atty Gen., and Fred Hansen and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

CLARK, J. This is an original action filed in this court to review an award of the State Industrial Commission, made and entered January 28, 1927, awarding to respondent J. A. Millham the sum of $259.60 for 50 per cent. loss of the use of the middle finger, 50 per cent. loss of the use of his ring finger, and 50 per cent. loss of the use of the little finger. Said original award was in the sum of $375.05, less $115.45 received by respondent. Petitioners present several assignments of error. The fourth assignment is that there was no evidence to support the award of the Commission. As this assignment will dispose of this case, it is unnecessary to consider the other assignments.

The record discloses, as stated in the order and award, which order is in part as follows:

"Now on this the 28th day of January, 1927, the State Industrial Commission being regularly in session, this cause comes on in its regular order to be considered pursuant to a hearing held before Feay B. Smith, referee, of the State Industrial Commission of Colorado, to determine extent of disability; and the Commission, having considered all the testimony taken at said hearing, the claimant appearing in person, no appearance by respondent, having examined all the records on file in said case, and being otherwise well advised in the premises, finds : * * *"

There was no testimony taken before the Industrial Commission of Oklahoma. The record contains a report of initial payment of compensation by the insurance carrier, Aetna Life Insurance Company, filed April 12, 1923; also a report of the injury filed May 2, 1923, assigned by respondent J. A. Millham; a report of the attending physician filed May 17, 1923; a final receipt signed by respondent Millham filed February 11, 1924.

Since this was a hearing to determine the permanent loss of the fingers in question, the report of the physician was not competent to determine the same, because at the time his report was made, permanent condition of the hand could not be determined.

The record also contains a copy of a notice of hearing signed by Feay B. Smith, Secretary, Industrial Commission of Colorado; that on October 13, 1925, a hearing would be had at the courthouse, Delta, Colo. This hearing was had, and the evidence taken before the referee of the Industrial Commission of Colorado, and said evidence is in the record and was considered by the Industrial Commission of Oklahoma.

Section 7316, C. O. S. 1921, provides:

"Any investigation, inquiry or hearing with (which) the Commission is authorized to hold or undertake, may be held or taken at any place in the state by or before any Commissioner. * * *"

This gives the Industrial Commission authority to conduct hearings at any place within the borders of this state, but does not give the Industrial Commission authority to conduct a hearing without the state.

Section 7323, C. O. S. 1921, is as follows:

"The Commission may cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for depositions in civil actions in courts of record."

This is a part of the industrial law of Oklahoma, and comes under the head of Workmen's Compensation Law. It is an

easy, adequate method provided for the taking of testimony without the state.

Just how this matter was called to the attention of the Industrial Commission of Colorado, the record fails to disclose. If the Industrial Commission wish to take testimony in Colorado, they could do so by serving the proper notice upon the petitioners herein, and having same taken as provided by law for depositions in civil actions in courts of record.

The hearing before the referee of the Industrial Commission of Colorado being unauthorized by law, the same is a nullity, and the evidence taken and transcribed could not be admitted before the Industrial Commission or considered by it in making an award, and this being all the evidence on which the award could be based, the same is insufficient to sustain it.

This court said, in Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862:

"By the provisions of section 10 of the Workmen's Compensation Law (chapter 14, Session Laws 1919), the decision of the State Industrial Commission is made final as to all questions of fact; but this is so only when there is some evidence to support such decision, and where there is absolutely no evidence to support such finding and decision, the same may be reviewed as a matter of law."

Also, Lucky Kid Mining Co. v. Industrial Commission, 110 Okla. 27, 236 Pac. 600.

This award must be set aside, and if the Industrial Commission finds it necessary for proper determination of respondent's cause or claim to take evidence in Colorado. the same can be taken as provided by law.

The cause is therefore reversed, with directions to the Industrial Commission to set aside the judgment and award and to proceed to hear and determine the rights of the claimant herein.

MASON, V. C. J., and HARRISON. LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 18 C. J. p. 672, §182; p. 745. §365. (2) Workmen's Compensation Acts—C. J. p. 123, §127; anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 828; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1766.