## RANNEY RIG BLDG. CO. et al. v. GIVENS et al.

No. 20116. Opinion Filed Feb. 4, 1930.

Commissioners' Opinion, Division No. 1.

Burford, Miley, Hoffman & Burford and Roy V. Lewis, for petitioners.

Edwin Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen., and W. R. Withington, for respondents.

FOSTER, C. On March 7, 1924, one Thomas J. McFadden was injured near Tonkawa, Okla., while employed by the Ranney Rig Building Company. The injury was the result of a fall from a rig being constructed by that company, and for which McFadden suffered a broken back, causing complete paralysis of his arms, and from which he subsequently, and on the 6th day of June, 1926, died.

On April 24, 1924, McFadden filed his claim with the State Industrial Commission, and compensation as provided by the Workmen's Compensation Act was awarded and paid him until his death.

On August 30, 1924, the respondent herein, Nellie Givens, filed her claim for her services as a nurse in taking care of the said McFadden from the 12th day of May, 1924, until the 27th day of August, 1924, making a total of 108 days. A hearing was had and several depositions and affidavits were introduced, and thereupon the Industrial Commission, on December 29, 1928, made an order, in substance, as follows: That it was admitted by both parties that Thomas McFadden received an accidental injury arising out of and in the course of his employment on the 7th day of March, 1924; that it is further admitted that McFadden was placed in the care of Dr. McElroy, in St. John's Hospital at Ponca City, by the petitioners; that a sister of Thomas McFadden was informed by Dr. McElroy of the critical condition of her brother, and requested that he be sent to Nebraska, the home of his parents, because his parents were too old to come to Oklahoma; that Dr. McElroy told McFadden's sister that he could not make the trip without a nurse, and the doctor also told one of the "Sisters" in charge of the hospital not to let him go without a nurse, but that he made no objections to the removal of McFadden with a nurse, and acquiesced in his removal; that under the direction of Dr. McElroy, the "Sister" secured a nurse, and that McFadden

was at that time in need of a nurse on account of his injury, and that his nurse, Miss Givens, performed services from May 12, 1924, to August 27, 1924, making a total of 108 days, and that her services were reasonably worth $5 a day, and were the same as respondents would have been required to pay had McFadden remained at the hospital.

Thereupon the Commission ordered that the petitioners herein became liable for the amount of Miss Givens' services in the sum of $540, and directed the petitioners to pay the same within 10 days and file a receipt thereof within 30 days from date.

On January 26, 1929, the petitioners filed this action alleging that the above order was erroneous, which is presented in their brief under five propositions, as follows:

First. When the claimant, Thomas McFadden, died, the jurisdiction of the Industrial Commission to make an award of any kind was ousted ab initio, and therefore the Commission was without power or authority to make any order in this case or in relation thereto.

Second. If jurisdiction existed in the Industrial Commission, the order was based upon incompetent and inadmissible evidence and documents.

Third. That there is no right in any person to recover for medical attention given without the direct authority of the respondent (petitioners herein) and the insurance carrier in a compensation case where proper medical and hospital attention is being given.

Fourth. That there is no express or implied authority in Dr. McElroy or the hospital to authorize removal of McFadden from where he was receiving proper attention to another state, not for better care and medical attention, but to be near his family.

Fifth. That there is no legal right or authority to collect for medical or hospital attendance more than 60 days, unless and until there has been an application to the Industrial Commission to order further medical aid, and such order has been made prior to the rendering of the services.

In support of their first contention, the petitioners contend that, under the Compensation Law, no award can be made as a result of an injury which caused the death of the claimant under section 7, art. 23, of the Constitution, and section 7338, C. O. S. 1921. Section 7, art. 23, supra, provides:

"That the right of action to recover dam-

ages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

Section 7338, supra, provides that:

"It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death. * * *"

The claim of Miss Givens in this case was for services to the original claimant, Joe McFadden, for his injury and before his death. The injuries which McFadden received caused his death. The petitioners attempt to make a distinction between the case of Lahoma Oil Co. v. Industrial Commission, 71 Okla. 160, 175 Pac. 836, and the cause of Western Indemnity Co. v. State Industrial Commission, 96 Okla. 100, 219 Pac. 147. It is contended by the petitioners that, in the first case, the opinion disclosed that the claimant died as a result of the injury, while in the second case the opinion does not disclose what caused the claimant's death. The opinion in the second case does not disclose what caused the claimant's death, but the motion to dismiss on file in the office of the Clerk of the Supreme Court alleges that the claimant in that case died as a direct result of the accident and injuries, for which claim was made by him before the Industrial Commission and for which compensation was allowed. It is on this motion the opinion is based.

It appears that the Western Indemnity Case was well considered, and, upon petition for rehearing, this court held, we think, in view of the motion to dismiss which they were passing upon, directly contrary to petitioners' contention. We believe a careful reading of these two cases will support our conclusion.

However, if no action has been begun by the claimant at the time of his death, the Industrial Commission loses jurisdiction entirely under the holding of Wilson Drilling Co. v. Byers, 138 Okla. 248, 280 Pac. 846. When the employee has filed a claim, then the doctors, nurses, etc., may file their claims in the same action and prosecute them in their own name. Standard Paving Co. v. Lemmon, 129 Okla. 15, 263 Pac. 140.

Under the prior holding of our court, we think the Industrial Commission has jurisdiction of the claim of Miss Givens.

In support of their second proposition, that the Industrial Commission's order was based upon incompetent and inadmissible evidence and documents, the petitioners herein object to certain affidavits which appear in the record and to certain testimony taken before the Compensation Commissioner of Nebraska.

The record in this case discloses that immediately after the injury, Thomas McFadden was taken to the hospital at Ponca City, where he remained until on or about May 12, 1924. The injury caused total paralysis in his limbs, and he was unable to feed himself, and there was very little chance of his recovery. This information was given to McFadden by Dr. McElroy, who was in charge of his case, and to his sister, who was at the hospital. Arrangements were made to take him to his home in Nebraska, and after his removal to Nebraska, several affidavits were made in that state, one purporting to be by Thomas McFadden, signed by his sister, another by Edward McFadden, and another by Dr. Dewey. These affidavits were made without notice to the other parties interested and are purely ex parte. A part of the information contained in these affidavits, especially the one by Thomas McFadden, was contained in a later affidavit which was taken on agreement of the parties. The affidavit of Dr. Dewey only contained information concerning the condition of McFadden, which is not disputed. The affidavit of Edward McFadden recites a conversation had with Mr. Kowarsch, who represented himself to be the claim agent of the petitioner.

Assuming that these affidavits, taken without notice and without opportunity to cross-examine, are inadmissible, under the record in this case, we do not believe they are sufficient to set aside the order of the Commission. We think there is evidence supporting the finding of the Commission without reference to these affidavits, and it does not appear that the award of the Commission was based thereon.

In the cases of Flynn v. Ponca City Milling Co., 71 Okla. 281, 177 Pac. 366, and Warren City Tank & Boiler Co. v. Millham, 132 Okla. 244, 270 Pac. 85, certain testimony received by the Industrial Commission was held by this court to be incompetent. But it appears from those cases that the Industrial Commission's award was based upon the incompetent evidence. Such is not the fact in the case at bar. We think the evidence, although incompetent under the record here presented, was not sufficient to set aside the award, as it does not appear that the Industrial Commission's order was based thereon, and there is sufficient other evidence to support the award.

The petitioners' next objection was to certain testimony taken before Mr. Kennedy,

Compensation Commissioner of Nebraska. The record discloses that the Oklahoma Industrial Commission sent out a notice to all parties interested, stating, in substance, that a hearing would be had before Mr. Kennedy, Compensation Commissioner of Nebraska, to determine the liability of the claim of Miss Givens, giving the place and date of the hearing. Both parties appeared at this hearing, introduced witnesses, and cross-examined them. The objection is based upon the ground that the Industrial Commission has no power or authority to conduct hearings outside of the state of Oklahoma.

Section 7316, C. O. S. 1921, gives the Industrial Commission authority to conduct hearings at any place within the borders of the state, but does not give the Commission authority to conduct a hearing without the state. Warren City Tank & Boiler Co. v. Millham, supra. In that case, however, it appears that a notice was sent out by the Industrial Commission of Colorado, and no showing is made as to the authority of the Colorado Commission to conduct the hearing.

In the instant case the notices were sent out by the Oklahoma Industrial Commission, and, pursuant to those notices, the Nebraska Commissioner took the testimony at a hearing where both parties appeared and introduced witnesses without any objection at the time of the hearing. The only objection was after the testimony was presented to the Oklahoma Commission.

Section 7323, C. O. S. 1921, provides that the Industrial Commission may take depositions outside of the state in the manner prescribed in civil actions, and section 615, C. O. S. 1921, provides before whom said deposition may be taken. The rules of procedure providing for the taking of depositions in civil actions were not strictly complied with, but we think, under the record in this case, the Oklahoma Commission had a right to consider the evidence taken as depositions, especially in view of the long-established rule that the provisions of the Compensation Act must be liberally construed.

The third proposition presented by the petitioners is that there is no right in any person to recover for medical attention given without the direct authority of the respondent and insurance carrier in a compensation case where proper medical and hospital attention is being given.

In support of this contention, the petitioners rely upon section 7288, C. O. S. 1921, as amended by the 1923 Session Laws, c. 61,

sec. 5, and several cases interpreting the same, to the effect that there are only two situations where a claimant has a right to employ medical services: (1) Where an emergency exists immediately after the accident; and (2) after the employer has refused or neglected to supply such aid.

It is contended that McFadden left the hospital where he was being cared for and went to his home without the authority or consent of the insurance carrier; but the Industrial Commission found that McFadden left with the acquiescence of Dr. McElroy, in whose charge he had been placed by the petitioners. We think this finding is supported by the evidence.

The record discloses that just prior to McFadden's removal from the Ponca City hospital to Nebraska, a sister of McFadden's had requested Dr. McElroy to allow him to go home because of the inability of his parents, who lived in Nebraska, to come and visit him. At that time very little or no hope was held out for his recovery. Dr. McElroy was of the opinion that it would be better for McFadden to remain in the hospital at Ponca City; but that, if he was to be removed, it would be necessary that a nurse accompany him. He instructed the Sisters, who were in charge of the hospital, not to allow McFadden's removal without a nurse, and left instructions at the hospital that McFadden might be removed, but that a nurse must accompany him. One of the Sisters at the hospital thereupon employed Miss Givens, and she accompanied McFadden to Nebraska and nursed him for 108 days.

It will, therefore, be seen that, at the time of his removal, the petitioners admitted the necessity of medical attention for McFadden, and we believe there is sufficient evidence to show that Dr. McElroy concurred in the employment of Miss Givens. The petitioners rely upon the case of Skelly Oil Co. v. Barker, 132 Okla. 279, 270 Pac. 566. In that case the claimant never requested the insurance company to furnish medical attention, and the Attorney General admitted error in the allowance by the Commission of claim for medical attention given at the request of the claimant.

In the case at bar, the insurance company was furnishing medical attention without request. The other cases relied upon by the petitioners are likewise not controlling because of a different state of facts. Under the facts here presented, a request was unnecessary. The petitioners acknowledge by their action that medical attention,

including the services of a nurse, was absolutely necessary at the time of claimant's removal, which was after the 60-day period had expired.

We conclude that there is no merit in the petitioners' third assignment.

The fourth contention of the petitioners is based upon the proposition that neither Dr. McElroy nor the hospital was authorized to permit the removal of the claimant, and thereby bind the insurance carrier. Numerous cases are presented in support of this contention, holding, in substance, that the employment of physicians or surgeons to attend an injured person did not imply authority to employ other physicians and surgeons to attend him. But these cases we do not think are in point. Under the situation here presented, McFadden was placed in charge of Dr. McElroy by the insurance carrier. The physical condition of McFadden being such that he was unable to feed himself, to move his hands or legs, and had to be catheterized every two or three hours, shows that a nurse would be necessary. Although no direct authority was given to Dr. McElroy, we think his authority, under the circumstances, would be implied.

The fifth and last contention of the petitioners is to the effect that Miss Givens has no legal right to collect for a nurse's services after 60 days from the injury, unless and until there has been an application to the Commission to order further medical aid, and such order has been made prior to the rendering of the services. In support of this proposition, petitioners cite section 7288, supra. This section, in effect, provides that, after the 60-day period, such services shall be rendered as in the judgment of the Commission is required. Under the facts in this case, we cannot see the necessity of a determination by the Commission. The whole record discloses that there was no dispute between the parties as to the necessity of medical and nurse's services after the 60-day period. At the time of the removal from the hospital at Ponca City, the 60-day period had already expired, and the necessity of further treatment was fully recognized by the company as well as the doctor. As a matter of fact, the company's agent said he would not be responsible for the removal of McFadden, indicating that at that time his condition was such that it was dangerous to his life to remove him. Under such circumstances, we think it would be entirely unnecessary to make an application, and for the Industrial Commission to determine whether or not medical aid was needed further. We do not think the statute so intended.

From a consideration of the entire record, we believe the evidence sufficient to support the finding of the Industrial Commission. The application of the petitioners is therefore denied.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 28 R. C. L. p. 829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1892; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1566; 7 R. C. L. Supp. p. 1011. (1, 2,) anno. 7 A. L. R. 545; 28 R. C. L. p. 822; 3 R. C. L. Supp. p. 1599; 6 R. C. L. Supp. p. 1763; 7 R. C. L. Supp. p. 1009. See Workmen's Compensation Acts—C. J. §97, p. 101, n. 83; §113, p. 115, n. 32; §130, p. 124, n. 63.