ALLEN, Chief Judge.
The petitioner seeks a writ of certiorari to an order of the Florida Industrial Commission entered January 22, 1959, affirming an order of the Deputy Commissioner entered June 26, 1958. The Deputy Commissioner had requested the New York Compensation Board to take the testimony of a claimant who had been injured in Florida but had gone to New York for further treatment; also testimony of other ■ witnesses. ■
The petitioner moved to dismiss this requested hearing, which the Deputy Commissioner denied, and subsequently the Florida Industrial Commission affirmed this ruling of the Deputy.
The petitioner states the following point:
“Does Section 440, Florida Statutes [F.S.A.] give the Deputy Commissioner authority to take the testimony of a party residing beyond the state pending proceedings under the workmen’s compensation act?”
*418 Neither the Florida Industrial Commission nor the claimant filed briefs or participated in the oral argument of the case / before this Court.
We believe the question, as stated by the petitioner, could better be stated as follows:
Does any authority exist in this state authorizing the Deputy Commissioner to request an out of state compensation board to take the testimony of the claimant and other witnesses and forward the transcript of such testimony to the Deputy Commissioner for subsequent action?
The record in this case divulges the following letters were written pertaining to these proceedings and various orders entered which we believe will elucidate the action taken in this case. The Director of the Workmen’s Compensation Division of the Florida Industrial Commission on March 18, 1958, wrote to the Deputy Commissioner and stated:
“It appears that the claimant is presently residing in New York and is receiving medical treatment and for this reason, it will probably be necessary for you to ask the New York State Compensation Board to hold a hearing for the purpose of taking the testimony of the claimant and the Doctors.”
The Deputy Commissioner, on March 27, 1958, wrote the Workmen’s Compensation Board of the State of New York as follows :
“Enclosed herewith is the above captioned file.
“We would deeply appreciate your arranging for a hearing in your office to take the claimant’s testimony as well as various medical testimony in your area in re the above case. After this has been done, please return the file, together with the transcript of such testimony, to this office for further proceedings.
“The following should be notified of the hearing:
“Claimant: Frank Wilson (Pitts) * * *
“Employer: Paul Smith Construction Co. * * *
“Carrier: Corporate Group Service, Inc. * * *
“Attorney for Claimant: Leonard Thorner, Esq. * * *
“Florida Industrial Commission, H. Elmo Robinson, Deputy Commissioner * * * West Palm Beach, Florida.”
The New York Board acknowledged receipt of the file forwarded by the Deputy Commissioner and stated the following:
“ * * * In accordance with your request, we will hear the case in your behalf and in due course we will return your file, together with the transcript of the proceedings.”
A notice of preliminary hearing was sent out under the signature of the Chairman of the New York Board to the various parties. The notice contains the following:
“Carrier is contending, through report filed with the Board and copy sent to the claimant, either that it is not required to make payments in this case, or that its obligation is less than the amount being claimed. In order to set a date for Trial Hearing on any issues that remain unsettled, a Preliminary Hearing will be held at the time and place above stated.”
The employer, Paul Smith Construction Company, and the carrier moved for dismissal of the hearing requested by the Deputy Commissioner, in his letter of March 27, 1958, to the Workmen’s Compensation Board, State of New York, on the following grounds:
1. The Workmen’s Compensation Board, State of New York is without jurisdiction in the hearing of the claim arising in Florida and filed under the Florida Workmen’s Compensation Act.
*419 2. That the said Workmen’s Compensation Board, State of New York, lacks jurisdiction of this cause, inasmuch as there is no statutory or other provision for authorization for such taking of testimony.
This motion was denied by the Deputy Commissioner and in his order the following appears:
“Accordingly, while the employer and carrier in the instant case may properly insist that ‘a hearing’ he held in the county where the injury occurred, the testimony of the claimant and of other witnesses may he presented by deposition at such hearing, or by transcript of courtesy hearing before out of state Workmen’s Compensation. agency.” (Emphasis ours.)
The full Commission’s order contains the following part that is pertinent here:
“This cause came on to be heard upon application of the employer and carrier for review of- an Order of Deputy Commissioner dated June 26, 1958, in which he ordered that the testimony of the claimant, who resided in the State of New York, and of certain medical witnesses, also residing in the State of New York, be taken at a courtesy hearing before the New York Workmen’s Compensation Board and transmitted to the Deputy Commissioner for consideration in the cause.
“ * * * Subsequently, on March 11, 1958, claimant’s New York attorney filed a claim on behalf of the claimant with the Florida Industrial Commission, requesting additional compensation and remedial treatment.
“The Deputy Commissioner transmitted the file to the New York Workmen’s Compensation Board, requesting that it arrange a hearing to take the claimant’s testimony, as well as testimony of various doctors concerned. The New York Board acknowledged receipt of the file forwarded by Deputy Commissioner and stated the following, viz.:
“ ‘ * * * In accordance with your request we will hear the case in your behalf and in due course we will return your file together with the transcript of the proceedings.’
“Following the forwarding of the file to the New York Workmen’s Compensation Board, the employer and carrier moved to dismiss the hearing ordered by the Deputy Commissioner, on the ground that the State of New York was without jurisdiction to hear a claim arising in the State of Florida under the Florida Workmen’s Compensation Law and that New York lacked jurisdiction of the cause, inasmuch as there is no statutory provision to authorize the taking of such testimony. The Deputy Commissioner, in his Order, found, inter alia, that Section 440.30 of the Florida Statutes [F.S.A.], was ample authority to order the taking of testimony of witnesses out of state and, accordingly, the motion of the employer and carrier to dismiss was denied.
“The employer and carrier have applied for a review from said Order denying the motion to dismiss, * * All that has been ordered is that testimony of certain witnesses residing in the State of New York be taken. This does not presuppose that a hearing upon the merits will be held in New York and it is patent that any hearing on the merits of the claim will be before the Deputy Commissioner assigned the claim in Florida.
* * * * * *
“ * * * It is inconceivable that the carrier is contending that jurisdiction has been transferred to the New York Workmen’s Compensation Board. By no stretch of the imagination can one reach this conclusion. All the Deputy Commissioner did was request the New York Board to arrange to take the testimony of certain designated witnesses, which testimony would *420 be transcribed and transmitted to the Deputy Commissioner for his consideration.
“For the reasons stated hereinabove and on authority of Section 440.30, Florida Statutes [F.S.A.], the Order of the Deputy Commissioner dated June 26, 19S8, be and the same is hereby affirmed.”
It is to be noted from the Deputy Commissioner’s order and the full Commission’s order affirming the same, that the Deputy Commissioner requested that the evidence in the case taken by the New York Workmen’s Compensation Board be transmitted to him and in no sense can this be said to be the taking of depositions pursuant to the Florida Rules of Civil Procedure.
The only decision we have been able to find in Florida that remotely touches on the taking of the deposition by the Commission, pursuant to Section 440.30, is an opinion by Deputy Commissioner James R. Knott, now a Circuit Judge, reported in 2 Florida Supplement, page 11. At the hearing the carrier offered in evidence the deposition of five witnesses pursuant to Section 440.30, Florida Statutes, F.S.A., to which the claimant objected on the ground that they were not admissible under Common Law Rule 20 as the witnesses were not at a greater distance than one hundred miles from the place of hearing. The Commissioner overruled this objection. There is little discussion in the opinion of this subject. The Deputy Commissioner, on page IS, states:
“Section 440.30, Workmen’s Compensation Act, provides that depositions of witnesses may be taken ‘in the manner prescribed by law for like depositions in civil actions at law.’ As noted above, the claimant objects to the admissibility of the carrier’s depositions in this proceeding, on the ground that the same were not taken in strict pursuance of Common Law Rule 20. The claimant was. repre--sented by counsel at the taking of these depositions. The fact that the depositions were not taken in strict pursuance of Rule 20 did not result in an invasion or violation of the claimant’s essential rights. Claimant’s objection to the admissibility of the depositions is therefore overruled, and the same are received in evidence ‡ íjí iji ft
Due to the absence of any Florida ‘decisions on this point, a brief summary of cases from other jurisdictions may be helpful in the determination of this appeal.
In 100 C.J.S. Workmen’s Compensation, § 580, p. 828, the following appears:
“Where authorized by statute, depositions may be taken, in a proper case, outside the state for use in compensation proceedings, and • where they are properly ordered, taken according to the prescribed procedure, and conform to statutory requirements they are admissible in evidence in the compensation proceeding, even though the commission has no statutory authority to conduct hearings outside the state. Depositions are not admissible, however, where taken' outside the state by the commission of a foreign state without complying with statutory requirements of the state in which they are offered in evidence.”
A brief synopsis of the two cases cited for the above, quote is as follows:
In Warren City Tank & Boiler Co. v. Millham, 1928, 132 Okl. 244, 270 P. 85, 86, the employer filed an appeal to review an award by the Oklahoma Industrial Commission in favor of the employee, Millham. One of the assignments of error was that there was insufficient evidence to support the award.
The injury which formed the basis of the claim was the 50% loss of the -use of the middle, ring, and little fingers. There was no hearing held in Oklahoma, but there was a transcript of testimony taken *421 Jn Colorado by the Industrial Commission of Colorado which was then forwarded to the Oklahoma Commission for its determination. In passing upon the propriety of such action, the Oklahoma Supreme Court stated:
“Section 7316, C.O.S.1921, provides:
“ ‘Any investigation, inquiry or hearing with (which) the commission is authorized to hold or undertake, may be held or taken at any place in the state by or before any commissioner. ¥ ¥ ¥ >
“This gives the Industrial Commission authority to conduct hearings' at any place within the borders of this state, but does not give the Industrial Commission authority to conduct a hearing without the state.
“Section 7323, C.O.S.1921, is as follows :
“ ‘The commission may cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for depositions in civil actions in courts of record.’
“This is a part of the industrial law of Oklahoma, and comes under the head of Workmen’s Compensation Law (Comp.St.1921, §§ 7282-7340). It is an easy, adequate method provided for the taking of testimony without the state. Just how this matter was called to the attention of the Industrial Commission of Colorado the record fails to disclose. If the Industrial Commission wish to take testimony in Colorado, they could do so by serving the proper notice upon the petitioners herein, and having same taken as provided by law for depositions in civil actions in courts of record.
“The hearing before the referee of the Industrial Commission of Colorado being unauthorized by law, the same is a nullity, and the evidence taken and transcribed could not be admitted before the Industrial Commission, or considered by it in making an award, and, this being all the evidence on which the award could be based, the same is insufficient to sustain it.”
It is to be noted at this point that the statutes of Oklahoma appear to be very similar to the Florida Statutes on this point.
The other case cited in 100 C.J.S. supra § S84, p. 834, on this point is McGarry v. Industrial Commission, 64 Utah 592, 232 P. 1090, 1091, 39 A.L.R. 306. The Utah Supreme Court was passing on the issue of whether testimony of claimant taken in Idaho could form the basis of a claim under the Utah Industrial Act. The court stated in rejecting the claim:
“For convenience we shall first consider the second objection, as it can be disposed of without extended discussion. The Commission had no power to hear the evidence in Idaho against plaintiffs’ objection. Comp.Laws Utah 1917, § 3081, provides how evidence may be taken in a foreign jurisdiction in cases arising under the Industrial Act. That section reads:
“ ‘The Commission or any party may in any investigation cause depositions of witnesses residing within or without the state to be taken as in civil actions.’
“Comp.Laws Utah 1917, §§ 7163 to 7177, inclusive, prescribes the method in civil actions and is exclusive as far as the authority of the Commission is concerned. The taking of testimony in the state of Idaho, in the manner complained of, was beyond the jurisdiction of the Commission, and there being no other evidence sufficient to sustain the award, it follows that the award should be annulled and set aside.”
This same issue was again before the Oklahoma Supreme Court in Ranney Rig Building Co. v. Givens, 1930, 141 Okl. 195, *422 285 P. 23, 25. The Court noted that there was sufficient testimony properly taken in Oklahoma to sustain the claim but did make the following observations:
“Section 7316, C.O.S.1921, gives the Industrial Commission authority to conduct hearings at any place within the borders of the state but does not give the commission authority to conduct a hearing without the state. 4= * *
“In the instant case, the notices were sent out by the Oklahoma Industrial Commission, and pursuant to those notices the Nebraska commissioner took the testimony at a hearing where both parties appeared and introduced witnesses without any objection at the time of the hearing. The only objection was after the testimony was presented to the Oklahoma commission.
“Section 7323, C.O.S.1921, provides that the Industrial Commission may take depositions outside of the state in the manner prescribed in civil actions, and section 615, C.O.S.1921, provides before whom said depositions may be taken. The rules of procedure providing for the taking of depositions in civil actions were not strictly complied with, but we think under the record in this case the Oklahoma Commission had a right to consider the evidence taken as depositions, especially in view of the long-established rule that the provisions of the Compensation Act must be liberally construed.”
The Supreme Court of Idaho in Knight v. Younkin, 1940, 61 Idaho 612, 105 P.2d 456, held that an officer, administrative board, or court of a state cannot legally hold hearings or conduct trials beyond its borders, and jurisdiction to hold such a hearing or trial cannot be conferred by stipulation or agreement of the parties. In this case, the attorneys for claimant and the employer had stipulated to have the Idaho commissioner hold a hearing in Spokane, Washington. The court rejected this stipulation and treated the testimony as un-sworn statements of the parties.
Section 440.30, Florida Statutes, F.S.A., provides in part the following:
“Depositions of witnesses, residing within or without the state, may be taken and may be used in connection with proceedings under the Florida workmen’s compensation act, either upon order of the commission or at the instance of any party or prospective party to such proceedings, and either prior to or pending the institution or hearing of a claim, in the same manner, for the same purposes, includipg -t.he purposes of discovery, and subject to the same rules; all as now or hereafter prescribed by law or by rules of court governing the taking and use of such depositions in civil actions at law in the circuit courts of this state.”
Rule 1.21(d) (3) of the Florida Rules of Civil Procedure, 30 F.S.A., provides in part:
“(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1. That the witness is dead; 2. That the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of the United States, * * *.”
The title of Rule 1.21 is Depositions Pending Action. Due to the procedural history of the instant case considered in connection with the language of section 440.30, Florida Statutes, F.S.A., it would seem that Rule 1.21 is the rule with which the parties must comply. Rules 1.32 and 1.33 relating to Depositions De Bene Esse provide for taking testimony of a witness “either within or without the United States” but there is no provision for the court to order the deposition taken on its own motion.
There are certain basic principles to be applied in ascertaining the power of an administrative agency in a given *423 situation. The source of the Florida Workmen’s Compensation Commission’s powers is Florida Statute Chapter 440, F.S.A. In accord with principles applied to other administrative agencies these powers are special and limited, being only those which are legally conferred upon the commission by the statute expressly or impliedly for the purpose of carrying out the aims for which they were established. 1 Fla.Jur.Adminis-trative Law, Sec. 22 and cases cited therein.
Aside from the question of the primary power of the commission, the practice and procedure governing the exercise of these powers is also determined by the controlling statute and the rules of the commission. See 1 Fla.Jur.Adm.Law, Sec. 107. Procedural rules applicable in court have even been applied to administrative proceedings in the absence of mandatory language in the creating statute. Redwing Carriers, Inc. v. Carter, Fla.1953, 64 So.2d 557.
It is not necessary for this court in deciding this case to determine whether or not Section 440.30 authorizes the Commission or a Deputy Commissioner on its own motion to order the deposition of a claimant taken outside the State of Florida as in the instant case, because no attempt to take depositions is indicated. The Deputy Commissioner simply requested the New York Commission to take the evidence of the claimant and other witnesses and forward the transcript back to him. We find no authority for such action. Certainly it is not conferred by the Florida Statutes, Sec. 440.30, F.S.A.
The petitioner could have waited until the formal hearing on the testimony taken by the New York Board and objected to any consideration of the same, but chose the method of moving to quash or prevent the New York Commission from acting on the so-called courtesy hearing requested by the Deputy Commissioner.
We are of the opinion that no authority existed for the hearing requested so cer-tiorari is granted, and the order of the full Commission, affirming the order of the Deputy Commissioner in denying the motion to dismiss is quashed, and the cause remanded with directions that it be returned to the Deputy Commissioner for further proceedings consistent with the views herein expressed.
SHANNON, J., and SEBRING, H. L., Associate Judge, concur.