WILLIAM T. HOLLAND *vs.* FREDERICK W. ZEUNER.

Suffolk. January 9, 1917. — September 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Workmen's Compensation Act. Physicians and Surgeons.*

The provision of the workmen's compensation act in St. 1911, c. 751, Part III, § 13, as amended by St. 1914, c. 708, § 12, that the charges of physicians "for services under this act shall be subject to the approval of the Industrial Accident Board," refers only to the services for which under St. 1911, c. 751, Part II, § 5, the insurer is liable, and a physician's bill for services rendered more than two weeks after the injury, for which the employee is liable and the insurer is not, does not require the approval of the Industrial Accident Board, although the services were rendered in treating the employee for the consequences of the injury for which he was awarded compensation under the act.

CONTRACT by a physician on an account annexed to recover $59 for professional services. Writ in the Municipal Court of the City of Boston dated April 6, 1915.

The defendant's answer as amended alleged "that the fees for which the plaintiff brings this action are subject to the approval of the Industrial Accident Board and that such fees have never been approved by said board."

The Municipal Court found for the plaintiff, and, at the request

of the defendant reported the case to the Appellate Division. The Appellate Division made an order that the report be dismissed; and the defendant appealed.

R. H. *Smith*, for the defendant.

L. *Makepeace*, for the plaintiff, submitted a brief.

Rugg, C. J. This is an action whereby the plaintiff seeks to recover for professional services rendered by him as physician to the defendant. The defendant received injuries arising out of and in the course of his employment by a subscriber under the workmen's compensation act. His injury was reported to the Industrial Accident Board by his employer. He was referred to an impartial physician, upon whose report an agreement for compensation was made and allowed. The plaintiff attended the defendant from the time of the injury until recovery. He has been paid by the insurer for his services rendered during the first two weeks after the injury. The balance of his bill is here involved. The defendant contends that there can be no recovery because the bill has not been approved by the Industrial Accident Board.

It is provided by the workmen's compensation act, St. 1911, c. 751, Part III, § 13, as amended by St. 1914, c. 708, § 12, that "Fees of attorneys and physicians and charges of hospitals for services under this act shall be subject to the approval of the Industrial Accident Board. If the association and any physician or hospital, or the employee and any attorney, fail to reach an agreement as to the amount to be paid for such services, either party may notify the board, which may thereupon call for the formation of a committee of arbitration in accordance with the provisions of this act, and all proceedings thereunder shall be in accordance with the provisions of this act." It is manifest from this section as a whole that it does not cover fees for services which are rendered outside the act. The second sentence makes it plain that the fees of the physician which are "under this act" are those for which the insurer must pay. It is only in the case of a disagreement between the insurer and the physician that that board is to be notified and the disagreement settled. The employee is not mentioned at all in this connection. The only disagreement in connection with which he is mentioned is one with his attorney. So far as concerns physicians, this section refers only to the services for which, under Part II, § 5, the insurer is liable. It does not apply to arrange-

ments for professional attendance between a physician and an employee for which the employee is liable and the insurer is not, even though relating to an injury for which the insurer may be liable under the act.

All cases which have arisen in this Commonwealth heretofore have had to do with physicians' fees for which the insurer was responsible, and none of them are at all at variance with the conclusion here reached. *Panasuk's Case,* 217 Mass. 589. *Pecott's Case,* 223 Mass. 546. *Huxen's Case,* 226 Mass. 292.

The conclusion reached as matter of interpretation of the statute renders it unnecessary to discuss the constitutional question raised by the plaintiff.

*Order dismissing report affirmed.*