## WILSON DRILLING CO. et al. v. BEYER et al.

No. 20088.   Opinion Filed Sept. 24, 1929.

Clayton B. Pierce, for petitioners.

RILEY, J. This is a proceeding in review of an award in the sum of $100, made by the State Industrial Commission to Dr. J. Walter Beyers, based upon a claim for medical

services rendered to E. J. Gibson, a workman in the employ of Wilson Drilling Company. Respondent Dr. Beyers filed with the Commission on August 24, 1928, an attending physician's report wherein is detailed the nature of the injury and treatment and showing that a piece of steel was removed from the right eye of the injured workman, as the result of an injury occurring the date of December 3, 1926. More than two years thereafter, and on August 29, 1928, the doctor filed his claim in the amount subsequently allowed by the order of the Commission. The injured workman never filed claim for compensation and no award was ever made to him On January 2, 1929, the Commission entered the order before us, wherein it is found that the claim of respondent Dr. Beyer for medical services rendered E. J. Gibson for an injury sustained on December 3, 1926, arising out of and in the course of his employment with the Wilson Drilling Company, is reasonable and fair and the customary charge for such service and that respondent (petitioner) and insurance carrier herein are liable for the services rendered.

Specifications of error set forth by petitioners are as follows:

"(1) That the State Industrial Commission was wholly without jurisdiction to make the order complained of for the reason that no claim was filed by E. J. Gibson, the alleged or purported injured employee, within the period of one year from the happening of the alleged or purported accident, to-wit, December 3, 1926, as required by the provisions of section 7301, C. O. S. 1921.

"(2) The State Industrial Commission was wholly without jurisdiction for the reason that no claim had been filed by J. Walter Beyer within the period of one year, as required by the provisions of section 7301, C. O. S. 1921.

"(3) That the finding of the State Industrial Commission that the alleged claimant, E. J. Gibson, received an injury arising out of and in the course of his employment is not supported by any evidence.

"(4) That the findings do not support the order in that there is no finding that the alleged claimant, E. J. Gibson, received an acidental personal injury.

"(5) That there is no evidence to support the order.

"(6) That the provisions of section 7288, C. O. S. 1921, purporting to confer upon the State Industrial Commission of the state of Oklahoma, jurisdiction to hear, pass upon and order payment for services of physicians rendered under verbal contract, is unconstitutional and void, being in derogation to and contrary to the provisions of section     and

section 7, and section 15, all of article 2, of the Constitution of the state of Oklahoma, and by reason thereof the State Industrial Commission of the State of Oklahoma was wholly without jurisdiction over the person and property of these petitioners."

Consideration of the proposition that under the Workmen's Compensation Act the proceedings by a physician to recover the value of his services in treating an injured employee is ancillary to the proceedings by the employee to recover compensation, is decisive of the matter presented.

This question is novel in this jurisdiction, for every case considered by this court involving compensation for medical services has had its origin under circumstances where an award for compensation was also rendered the injured employee. Briefly, then, the history is that proceedings for recovery of compensation for medical services are ancillary to claims for compensation for injuries to workmen; the question presented is whether such a relation of claims is necessarily so in order to give the Commission jurisdiction to hear, determine, and allow a claim to an attending physician, alone, or, on the other hand, whether such a right, when alone, is relegated to the courts of law.

Section 7288, C. O. S. 1921, provides:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus as may be necessary during 60 days after the injury or for such time in excess thereof as in the judgment of the Commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer; provided, however, that the injured employee or another in his behalf may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer. Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, shall submit the reasonableness of the charges to the State Industrial Commission for its approval and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforceable by the Commission in the same manner as provided in this act for the enforcement of compensation payments; provided, however, that the foregoing provision, relating to approval and enforcement of such charges, shall not apply where a written contract exists between the employ-

er or insurance carrier and the person who renders such medical, surgical or other attendance or treatment, nurse and hospital service or furnishes medicine, crutches or apparatus. The Commission shall have authority to order a change of physicians at the expense of the employer when in its judgment such change is desirable or necessary; provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability where the Commission shall decide that the injury does not come within the terms of this act."

That section, by the proviso, excludes a recovery from the employer for medical treatment rendered an injured employee where it is clear the inpury does not come within the terms of the act.

It must be interpolated that under such circumstances the physician may resort to the courts of law, but he is barred from recovery against the employer in the Industrial Commission proceedings where the injury did not arise out of and in the course of hazardous employment (section 7283, and where exceptions to the act noted in section 7285, as amended S. L. 1923—118 apply).

Section 7298 reads as follows:

"If the Commission or the court before which any proceedings for compensation or concerning an award of compensation have been brought, under this act, determine that such proceedings have not been so brought on reasonable ground, it shall assess the whole cost of the proceedings on the party who has so brought them. Claims for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4, of article 2, of this act, shall not be enforceable unless approved by the commission. If so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission."

The principle upon which the last-quoted section is based is that claims for medical attention (as well as for legal services) must be reasonable and just, and if so, they become a lien upon the award for compensation awarded for injuries sustained. Moreover, the enforcement of such claims against the employer under the provisions of the act is dependent upon the existence of compensation for injuries.

In Robinson v. Taylor, 116 Okla. 131, 244 Pac. 44, it is recited:

"The award made for the benefit of the doctor and the hospital was a subsequent award, and was ancillary to the main case."

And again:

"It was further contended that the Com-

mission was without power to make an award direct to the doctor and the hospital. The contention is correct, and if, **independent of the main case, the doctor had presented his claim or the hospital had presented its claim, we should say the Commission had no jurisdiction.**"

The underscored dictum in that case is the issue before us. Herein there is no "main case." Yet the manifest purpose of the Workmen's Compensation Act is to determine disputes as to injuries between the employer and employee. For, as stated in the decision above mentioned, "The Commission determines matters between the injured employee on the one side and the employer and his insurance carrier on the other." Again this thought is approached in Associated Employers' Reciprocal v. Commission, 88 Okla. 249, 212 Pac. 604, where it is said:

"The Commission is only vested with jurisdiction to adjudicate the claimant's claim for compensation against the employer."

That holding concerned an award to the employer of a portion of compensation due the injured employee for wages advanced during disability and ordered to be paid by the insurance carrier.

It was further stated in the opinion:

"But the fact that the Commission undertook to make an award not within its jurisdiction in no way affected its jurisdiction to make an award subsequently in favor of claimant against the employer."

In Scruggs Bros. & Bill Garage v. Commission, 94 Okla. 187, 221 Pac. 470, where a claimant for medical attention and claim for compensation for injuries were both filed before the Commission, yet separate because the medical claim had not been paid by the injured claimant, it was held:

"Both were the proper subjects for consideration by the Industrial Commission *** It was not improper nor beyond the authority and jurisdiction of the Industrial Commission to award both claims to the injured employee; but the Commission should have gone farther in the award and declared a lien upon the award to the extent of $250 in favor of Drs. Arnold, Taber & Harrington."

Another contention in that case decided more nearly approaches the question under consideration as revealed by the following:

"Lastly, it is contended that the Commission went beyond its jurisdiction when, in the first instance, the award of the full amount had been made in favor of the employee and it had been appealed from by an original petition being filed in the Supreme Court attacking the award as originally made, the Commission, after such appeal had

been taken, made a supplemental order changing their original order to the extent of making the award of the unpaid amount of $250 direct to the doctors to whom the amount was owing. We think the Commission was in error in making this supplemental order for two reasons, the first being that claims arising under the Workmen's Compensation Law are matters strictly arising between the injured employee on the one side and the employer and his insurance carrier on the other. Differences between the employer and his insurance carrier and third persons are not cognizable before the Industrial Commission."

In Bloom v. Jaffe, 157 N. Y. S. 926, in considering a statute similar to ours, it was held:

"The primary purpose of the statute is not, however, to provide compensation to a physician, but solely to provide compensation to the injured employee for such medical service as the law permits him to procure at the expense of his employer. It does not, therefore, provide for any award to a physician, but merely gives the physician a lien upon the compensation awarded to the workman, which 'shall be paid therefrom only in the manner fixed by the Commission'."

Another phase of the question is considered in Associated Employers' Reciprocal v. Commission, 87 Okla. 16, 208 Pac. 798:

"But where the employer voluntarily furnishes medical services, it is a matter of contract solely between the employer and the physician, and the Industrial Commission has no jurisdiction of such matter. But where controversy arises, the parties are relegated to the courts for an adjudication of the matter."

The purpose in the enactment of the Workmen's Compensation Act was to provide a new forum in the nature of a board of arbitration between the injured employee and the employer engaged in hazardous enterprises. Its methods were new and exclusive, yet it was not concerned with claims against employers except as incidental to damages and compensation therefor, flowing to the injured workman. Of what benefit would it be for an employee to collect a weekly sum where the whole amount may necessarily go for medical attention? So, to avoid such hardship, medical expenses are included in the public policy of the act only as ancillary to the primary purpose, which was relief for the human wreckage incident to such occupations as covered by the act. Feldstein v. Buick Motor Co., 187 N. Y. S. 417; Noer v. Jones Lbr. Co., 170 Wis. 419, 175 N. W. 784. The physician rendering such services is not deprived of his right to resort to the courts for establishment and collection of his claim, either against the employer who may have authorized it, or against the employee who was benefited thereby. The salient fact remains that the State Industrial Commission is a tribunal of limited jurisdiction.

Under section 7301, C. O. S. 1921, the right of an injured workman to claim compensation is limited to one year after the injury. Since no claim by the injured employee has been filed within the period prescribed, and since it is our opinion that the claim here involved cannot be considered independent of a compensation award for injury, the cause is remanded, with directions to reverse the order and dismiss the claim.

MASON, C. J., LESTER, V. C. J., and HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

CLARK, J., dissents.

ANDREWS, J., absent, not participating.