## TWIN STATE OIL CO. et al. v. DODGION et al.

No. 20924. Opinion Filed July 1, 1930.

Clayton B. Pierce, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original action to review an award of the State Industrial Commission directing the petitioner to pay the doctor bill and the drug bill of the respondent.

On August 8, 1928, a claim was filed with the Commission in which it was alleged that on June 8, 1928, the respondent sustained an injury while in the employ of the Twin State Oil Company. On September 21, 1928, the Twin State Oil Company and the insurance carrier filed an answer in which it was denied that the accident arose out of and in the course of the employment of the respondent. The claim was set for hearing before the Commission on March 26, 1929. The respondent did not appear to prosecute his claim, and the Commission entered an order dismissing the case, and thereafter, on the application of Dr. B. A. Owen, an order was entered directing the payment of the doctor's bill and the drug bill.

It is urged that the Commission was without jurisdiction to make the award because there was no award made in favor of the injured party, and that proceedings by a physician to recover the value of his services is ancillary to proceedings by the employee to recover compensation and cannot be considered independently.

It is claimed that the services of the doctor and the bill for the medicine in the case at bar come within the rule announced by this court in the case of Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 Pac. 846. The syllabus in that case is as follows:

"Under the Workmen's Compensation Act proceedings by a physician to recover for the value of his services in treating an injured employee engaged in hazardous employment are ancillary to proceedings by the employee to recover compensation and cannot be considered independently.

"The State Industrial Commission is a tribunal of limited jurisdiction. Its primary purpose is to adjust settlements between injured workmen engaged in hazardous employment and their employers. Physician's claims for services rendered such injured employees, to be cognizable by the State Industrial Commission, are dependent upon the existence of claims for compensation for injuries, and in the absence of such primary claims such dependent claims are relegated to the courts of law."

We do not think the rule announced in the Wilson Drilling Company Case, supra, is applicable to the case at bar. The rule announced in the case of Ranney Rig Building Company v. Givens, 141 Okla. 195, 285 Pac. 23, seems to be more applicable. There it was said:

"When the employee has filed a claim, then the doctors, nurses, etc., may file their claims in the same action and prosecute them in their own name."

In the case at bar a claim was filed. It is true that it was thereafter dismissed, but the fact that it was dismissed could not deprive the doctor from filing his claim in the same cause and prosecuting it in his own name.

There are some irregularities in the proof of the claims, but we do not deem them of sufficient importance to cause a reversal of the cause. The judgment of the Commission is therefore affirmed.

LESTER, V. C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.