## O'MARA et al. v. ANDREWS et al.

No. 20813. Opinion Filed Nov. 18, 1930.

Clayton B. Pierce, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. On September 16, 1929, the State Industrial Commission by order directed petitioners to pay to respondent Dr. U. S. Andrews the sum of $252, which amount constituted an account incurred by the furnishing of 16 false teeth to an alleged workman, T. J. Tennant, said to have been in the employ of petitioner O'Mara and engaged in a hazardous occupation, and said to have been injured while so engaged.

The Commission in the award found:

"The claimant, T. J. Tennant, did not file with the Commission a claim for compensation for said aforementioned accidental injury; that claimant's whereabouts are unknown."

The State Industrial Commission is an administrative body with limited jurisdiction. Its primary purpose is to adjust settlements between injured workmen engaged in hazardous employment and their employers. Physician's claims for services rendered such injured employees, to be cognizable by the State Industrial Commission, are dependent upon the existence of claims for compensation for such injuries, and in the absence of such primary claims, such dependent claims are relegated to the courts of law. Wilson Drilling Co. v. Byers, 138 Okla. 249, 280 Pac. 846.

The proviso contained in the amendatory act of 1923, ch. 61, sec. 5, p. 123, S. L. 1923, reads, in part, as follows:

"Provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability, where the Commission shall decide that the injury does not come within the terms of this act."

That proviso clearly indicates a continued intention and design on the part of the Legislature to consider claims filed for medical attention to injured workmen not only as dependent upon the existence of a claim filed with the Commission for the injury sustained, but by plain language the proviso goes further and prohibits the allowance of a claim for medical attention against the employer where the injury is determined to be outside the scope of the act, which is tantamount to a provision that: In order for the Commission to charge medical cost to the employer the injury must be determined to fall within the terms of the act. Which in effect is that: Claims for costs for medical attention, to be cognizable by the State Industrial Commission, must be ancillary to a main action for the recovery of injuries sustained by the workmen.

Now, in the case at bar there is not and never has been in existence a claim on the part of the alleged injured workman. The ancillary action cannot be maintained before the State Industrial Commission in the absence of a principal claim. The respondent dentist is not without right or remedy; his forum is a court of law.

The order is vacated. The State Industrial Commission is directed to dismiss the claim.

MASON, C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., concurs in conclusion. CLARK, J., dissents.

CLARK, J. (dissenting). In my opinion, the majority opinion strikes down and nullifies one of the most beneficial, humane, and necessary provisions of the State Industrial Law. Industry takes its toll of human life and leaves human wrecks along the pathway of progress. It leaves crippled, maimed, and helpless human beings. Oklahoma has tried to alleviate the suffering, misery, and want occasioned by the destruction of human beings by industry in this state.

It was a humane and forward step when Oklahoma inaugurated the Industrial Law. Its humane and salutary provisions have furnished the wounded and maimed medical attention; the crippled crutches; the wounded hospitals, and the disabled workmen compensation, that industry might pay in part the loss of humanity occasioned by its operation.

The majority opinion in this cause nullifies, in part, and renders useless in a great many instances one of the most humane and salutary provisions of this act.

Section 7288, C. O. S. 1921, as amended by Senate Bill No. 155, Session Laws 1923, ch. 61, sec. 5, at page 122, reads as follows:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during 60 days after the injury, or for such time in excess thereof as in the judgment of the Commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer; provided, however, that the injured employee, or another in his behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer. "Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, shall submit the reasonableness of the charges to the State Industrial Commission for its approval, and such charges

shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforcible by the Commission in the same manner as provided in this act for the enforcement of compensation payments; provided, however, that the foregoing provision, relating to approval and enforcement of such charges, shall not apply where a written contract exists between the employer or insurance carrier and the person who renders such medical, surgical or other attendance or treatment, nurse and hospital service, or furnishes medicine, crutches or apparatus. The Commission shall have authority to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary; provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability, where the Commission shall decide that the injury does not come within the terms of this act."

This section provides that the employer shall furnish the injured employee such medical, surgical, or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary until 60 days after the injury, or for such time as in the judgment of the Commission may be required.

It cannot be contended that by this act it was intended that the employer furnish the above necessary things for the comfort and well-being of the employee personally. It was intended that he should provide for them and thereby become liable for the cost of furnishing the same. This section also furnishes a complete mode of procedure; that the claim shall be filed with the Industrial Commission, as was done in the instant case; that the Industrial Commission shall have authority to enforce said claim in the same manner as provided in the act for the enforcement of compensation payments.

There is nothing in the act to justify the holding in the majority opinion that a claim for medical expenses furnished the injured employee is ancillary to the employee's filing a claim with the Industrial Commission. Every man or woman should approve the beneficial provisions of this measure, because medical attention or first aid to an injured employee is a most essential thing and the most humane provision in the Industrial Law of this state.

In this case, Dr. U. S. Andrews filed his claim for treatment of T. J. Tennant, who was injured while employed by the petitioners. Said services were performed at the request of petitioners in this case, and a finding and award of the State Industrial Commission says:

"1. That T. J. Tennant, claimant herein, sustained an accidental personal injury arising out of and in the course of his employment with respondent herein on June 22, 1929, said injury being to claimant's mouth and teeth.

"2. That medical claimant, Dr. U. S. Andrews, treated said claimant for said aforementioned accidental injury at the request of respondent, J. C. O'Mara; that the services rendered by the said Dr. U. S. Andrews were necessary by reason of said aforementioned accidental injury, for which services the charge was $252."

The Commission further found that the claimant, Dr. U. S. Andrews, had established that T. J. Tennant had sustained an accidental injury arising out of and in the course of his employment, and the services rendered by him were necessary by reason of said injury. This judgment and finding of the Commission comes within the plain and unambiguous language of section 7288, supra.

There is one exception in said section, which is quoted in the majority opinion, and is as follows:

"* * * Provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability, where the Commission shall decide that the injury does not come within the terms of this act."

The quotation of the section of the statute in the majority opinion is misleading and not applicable to the case at bar for the reason that the Commission found that the injury does come within the terms of the act. Had the Commission found that the injury does not come within the terms of the act, the statute quoted and relied on in the majority opinion would have been applicable. The record in this case and also petitioners' brief shows that the injury came within the provisions of the act. The very fact that the Legislature included this exception is self-evident of the intention of the Legislature that the Industrial Commission should have jurisdiction to order the payment for medical attention and other necessary supplies for the injured employee.

It leaves the injured employee in a peculiar and destitute position where the statute provides the employer shall furnish medical, surgical, or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary, etc., and the Supreme Court holds that after such things are furnished the Commission was without jurisdiction to enforce

payment for furnishing the same unless the injured employee files a claim with the Industrial Commission.

The Industrial Law provides that any time after the expiration of the first five days of disability on the part of the injured employee, a claim for compensation may be presented to the Commission. An employee may receive a serious injury that would result in maiming him for life, which, if he had prompt medical attention, would not disable him five days. The construction placed on this law prevents the payment of medical expenses for the first five days for the reason that the claimant could not file a valid claim unless the injury extended beyond five days, so the doctor who was called on to furnish medical attention or first aid to the injured must know that the injury would extend beyond five days or he would furnish medical attention without hope of compensation except from the employee.

I do not agree that the Legislature so intended. The intention of the Legislature should be taken from the plain and unambiguous provisions of the statute. Strained, technical construction, which strikes down the intent and purpose of the Legislature, nullifies one of the most beneficial and humane provisions of the Industrial Law, and should never be permitted. I am of the opinion that not the filing of a claim gives the State Industrial Commission jurisdiction, but the simple fact that the accident occurred, resulting in injury, and at the time the accident occurred the injured employee was engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and the accidental injury arose out of and in the course of his employment. This is a construction heretofore placed by this court on the Industrial Law as to what is required to give the Industrial Commission jurisdiction to hear and determine a claim for compensation.

It is true this jurisdiction must be invoked and some one entitled to relief thereunder, and I take it that the statute should mean what it says in section 7288, supra, in regard to medical, surgical, or other attendance or treatment, etc., which reads as follows:

"Whoever renders medical, surgical, or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, shall submit the reasonableness of the charges to the State Industrial Commission for its approval, and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforcible by the Commission in the same manner as provided in this Act for the enforcement of compensation payments."

The construction placed on this act by the majority opinion makes a part of the act read as though it had been amended. The act, in part, reads as follows:

"And when so approved shall be enforceable by the Commission in the same manner as provided * * * for the enforcement of compensation payments."

The construction the majority opinion placed on the act makes it read as follows:

"And when so approved shall not be enforceable by the Commission unless the claimant has filed a claim with the Industrial Commission, and an award has been made thereon."

This court is without authority to so amend the statute by giving it a construction not justified by the plain provisions of the same.

Modern science has demonstrated the fact that many injuries, if given prompt and proper treatment, may be cured and the workman restored to the useful walks of life, but if treatment is delayed or not given, the delay or failure to give prompt medical or surgical treatment to an injured person often results in leaving that person unnecessarily crippled for life, and sometimes results in death. The Legislature, in its wisdom, sought to give the workman, the employee, the man who works with his hands, that consideration that the dictates of humanity, conscience, and fairness would approve. It sought to give the injured employee the benefit of medical and surgical treatment; provided the manner in which it should be furnished, and a complete procedure for the person or persons who furnished such treatment to collect for the same.

The majority opinion nullifies and strikes down that procedure in the instant case. I cannot agree that this court by construction not justified should strike down the plain provisions of the statute providing for medical attention and payment therefor for the injured employee.

The opinion closes with the suggestion: "* * * his forum is a court of law." The common law having been repealed in Oklahoma, his only right of recovery would be a statutory right, and I know of no statute that is any plainer, the provisions of which are less ambiguous than section 7288, supra, which provides how the price for services rendered should be determined and the manner in which it could be collected.

For the reasons stated, I cannot agree with the majority opinion.