## NOEL et al. v. BRECO et al.

No. 23199. Opinion Filed Dec. 20, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

D. D. Brunson, E. W. Kemp and O. M. Kemp, for respondents.

HEFNER, J. This is an original proceeding in this court by E. H. Noel and Consolidated Underwriters to review an order of the Industrial Commission ordering them to pay respondent, Dr. J. G. Breco, for medical services rendered to Frank Kozak, deceased.

Deceased was a coal miner, and, prior to his death, was in the employ of petitioner Noel, and, while so engaged, sustained an injury on November 25, 1927. A settlement was entered into between him and his employer, whereby he was allowed $605 compensation for his injuries, which settlement was approved by the Commission on August 23, 1928. Thereafter claimant filed a motion to reopen the case, and that he be allowed additional compensation because of a change in condition, which motion was denied on December 17, 1928. On March 21, 1930, a second motion to reopen the case, because of change in condition, and for additional compensation, was filed by claimant before the Commission. A hearing was had thereon on June 17, 1930, at which time additional compensation was awarded him and an order entered requiring that he be given further medical attention. On May 6, 1930, and prior to the date of the order for additional compensation and further medical treatment, claimant had entered the hospital of Dr. Breco for medical treatment. He made no demand upon petitioners for further medical treatment before entering the hospital, nor had they any knowledge or notice that he was entering for such treatment. Respondent's bill in the sum of $650 for treatment of claimant was allowed by the Commission.

Petitioners first contend that they were not liable for the doctor bill from May 6, 1930, to June 17, 1930, date of the order

of the Commission for further medical treatment of claimant, for the reason that claimant made no demand upon them for further treatment, and for the further reason that they had no knowledge that further treatment was necessary, nor that he had entered respondent's hospital for such treatment. We think this contention well taken. It is supported by the case of Underwriters Land Co. v. Dirks, 152 Okla. 286, 4 P. (2d) 1015. Under this authority, it was necessary that, after the case was settled before the Commission and with its approval, before the employers or insurance carrier could be held liable for further treatment, a demand should have been made upon them therefor by claimant, or some notice or knowledge brought to them that further treatment was necessary.

A different question, however, is presented as to the treatment furnished claimant, under order of the Commission, made on June 17, 1930. We think petitioners are liable for medical services rendered under that order. Under the evidence, the value of the services rendered subsequent to the order amount to the sum of $338.50.

A claim for medical services to claimant was not made until after his death on August 3, 1930. Petitioners contend that for this reason the Commission was without jurisdiction to allow same. In support thereof they rely upon the cases of Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846; and O'Mara v. Andrews, 146 Okla.. 57, 293 P. 257. These authorities are not applicable to the facts here presented. In those cases no claim was presented by the injured employee for compensation. The physician presented a claim for medical services rendered the employee, after his death. The court there held that the Commission was without jurisdiction to allow the claim for medical services rendered the injured employee, for the reason that no claim for compensation had ever been presented by him for his injuries.

In the instant case, a claim had been filed by the employee for compensation for injuries received by him, and the services were rendered by the physician under an order of the Commission. The Commission, therefore, had jurisdiction to allow the physician's claim for services rendered subsequent to the date of the order.

The award is modified and reduced from $650 to $338.50, and, as so modified, is affirmed.

LESTER. C. J., and CULLISON, SWIN-

DALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.