H. V. HIGLEY, Administrator of Veterans Affairs, Petitioner,

v.

Learvill N. SCHLESSMAN, Chalmers and Borton, and Lumbermens Mutual Casualty Insurance Company, and The State Industrial Commission of the State of Oklahoma, Respondents.

No. 36957.

Supreme Court of Oklahoma.

Jan. 17, 1956.

J. Thad Baker, Wayne H. Lewis, Sam Glassman, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, George F. Short, II, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On July 7, 1954, Learvill N. Schlessman filed a claim from compensation against his employer, Chalmers and Borton, and insurance carrier, Lumbermens Mutual Casualty Insurance Company, respondents herein, in which he states that on January 4, 1954, while in the employ of Chalmers and Borton he sustained an accidental injury consisting of an injury to his back resulting in a ruptured intervertebral disc and sciatica nerve injury. The accident occurred while working for his employer at Carnegie, Oklahoma. It occurred while he was pushing wire cable through a conduit and standing upon a motor in a twisted condition and the conduit pipe gave way causing him to fall to the ground.

A hearing was set before a trial commissioner and at that hearing claimant by deposition testified: On January 4, 1954, while in the employ of Chalmers and Borton he sustained an accidental injury in the manner stated in his complaint. Immediately after he sustained his injury claimant told the foreman of his employer that he injured his back and it was necessary for him to have something done about it. He was thereafter sent to a hospital in Carnegie, Oklahoma by the foreman where he was given temporary treatment and told to wear a belt. He then returned to work and worked for about three weeks on a job at Enid, Oklahoma and worked under the same superintendent under whom he worked while at Carnegie, Oklahoma. He worked for about a week but was still suffering pain in his back and he was unable to continue his work. He then told the superintendent that there was something radically wrong with him and it was necessary for him to have some medical treatment. The superintendent made no reply and did nothing. He however continued to work until the 10th day of May, 1954, at which time he again quit work and again told the superintendent that he was suffering severe pain in his leg and back and that he was in need of further medical treatment. The superintendent told him to take medical treatment and when he got better to come back on the job as the job would be waiting for him.

He then returned to his home at Neosho, Missouri and entered a hospital where he was treated for about a week and then left the hospital for the reason that he was no longer able to pay hospital and doctor bills. He thereafter entered a Veterans Hospital at Fayetteville, Arkansas. He remained there and received treatment for several weeks when he was transferred to the Veterans Hospital at Wadsworth, Kansas where they operated on his back on June 30, 1954. He remained in the hospital until July 9, 1954, and returned to his home in Neosho, Missouri, where he is still confined to his bed and unable to work.

He further testified that since the time he left the hospital at Carnegie, Oklahoma, respondents furnished him no further medical treatment. He, however, testified that he made no direct request or demand upon either his employer or its insurance carrier to furnish him medical attention.

On September 17, 1954, the Administrator of Veterans Affairs filed his claim and bill for costs of hospital and medical care in the sum of $608.25 before the State Industrial Commission and on the same day sent a copy thereof to respondent insurance carrier at its office in Oklahoma City.

The trial commissioner made no order or award in the case.

On November 5, 1954, claimant, his employer and insurance carrier entered into a joint petition settlement whereby claimant agreed to settle and compromise his claim for the sum of $2,500 payable in cash

in a lump sum. The Commission on the same day entered an order approving the joint petition settlement and awarded claimant compensation in the sum of $2,500 by reason of his accidental injury sustained on January 4, 1954, and further ordered that within 20 days from the date of the filing of the order Chalmers and Borton or insurance carrier file with the State Industrial Commission proper receipt evidencing compliance with the order whereupon the cause would be fully and finally closed and adjudicated and the Commission divested of further jurisdiction herein.

On January 25, 1955, the Administrator of Veterans Affairs, petitioner herein, filed a motion to set aside and vacate the order made on joint petition settlement insofar as his rights are affected and that his claim for hospital and medical care be set for hearing and in his motion alleged that his claim for hospital and medical care was on file before the State Industrial Commission prior to and at the time the joint petition settlement was entered into and approved by the Commission; that he had no notice of the filing of the joint petition settlement or the hearing thereof notwithstanding he had his claim on file with the Commission at the time, nor has the Commission at any time sent a copy of the order to him. A hearing was had on the motion on April 12, 1955, and the motion was denied by the Commission on the theory that by reason of the joint petition settlement and order made thereon the Commission was without jurisdiction to grant any further relief in the case.

Petitioner brings the case here to review this order and contends that it is contrary to law.

The order is based on 85 O.S.1951 § 84. This section provides for joint petition settlement in compensation cases and as far as here material further provides:

"* * * If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall have no jurisdiction over any claim for the injury or any results arising from same. * * * The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission; provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this Section."

The record shows that petitioner was not made a party to the joint petition settlement and the motion recites that no copy of the order approving the same was ever sent to him by the Commission as provided by 85 O.S.1951 § 29. This section in part provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within twenty (20) days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the State to review such award or decision. * * *"

Under the above section the order of the Commission approving the joint petition settlement did not become final as to petitioner until 20 days after notice of said order was sent to petitioner by the Commission and if the allegation contained in the motion of petitioner that such notice has not been sent to him is true the order of the Commission approving the joint petition settlement was not final as to him at the time he filed his motion to vacate and set his claim for hearing.

Under the above section the State Industrial Commission may vacate, modify or change any of its orders or awards within 20 days after a copy of such order or award has been sent by the Commission to the interested parties. Wm. A. Smith Const. Co. v. Price, 178 Okl. 423, 63 P.2d 108; Owens v. McCallum & Forber, 186 Okl. 305, 97 P.2d 754; Conrad v. State Industrial Commission, 181 Okl. 324, 73 P. 2d 858, 861.

In the Conrad case, supra, it appears that compensation claimant and his employer and insurance carrier had entered into a joint petition agreement whereby claimant agreed to settle his claim for an amount therein stated. Conrad, counsel for claimant, at that time had on file a claim for an attorney fee for representing claimant. The Commission approved the joint petition settlement and awarded compensation in accordance with the agreement and awarded Conrad an attorney fee of $75. Conrad had no notice of such proceeding and was not made a party thereto. The order approving the joint petition settlement and awarding claimant compensation thereon was entered on the 10th day of March, 1937. On the 23rd day of March, Conrad filed a motion before the Commission requesting the Commission to vacate the order and award insofar as it attempts to fix his attorney fee and to grant him the right to present evidence in support of his claim. The Commission denied the motion on the ground that because of the order made on joint petition settlement it was without jurisdiction to grant any further relief in the case and entered an order denying the motion. Conrad appealed from said order to this court and on that appeal we held that the Commission was in error in holding that it was without jurisdiction to entertain Conrad's motion and in the discussion of the case, among other things, we said:

"* * * This court has heretofore announced upon numerous occasions that the State Industrial Commission retains jurisdiction over its orders, awards and decisions for a period of 30 days after a copy thereof has been sent by the commission to the parties affected thereby. See, Graver Corporation v. Cullum, 136 Okl. 209, 277 P. 265; Wm. A. Smith Const. Co. v. Price, 178 Okl. 423, 63 P.2d 108; Gypsy Oil Co. v. Roop, 148 Okl. 104, 299 P. 444. 'We can perceive no valid reason why such rule should not apply to awards made upon joint petitions equally with those otherwise made. The conclusion thus reached is buttressed upon the fact that the law expressly provides that an award made upon a joint petition shall be subject to review by this court the same as any other award or decision of the commission. Therefore until the expiration of the period provided for review an award made upon joint petition can have no greater dignity or solemnity than any other award or decision. Thus viewed it is apparent that the commission was in error when it held that it did not have jurisdiction to vacate any portion of its former award.'" .

What is there said applies here.

■ Since petitioner had his claim on file for hospital and medical care prior to the time the Commission entered its order approving the joint petition settlement, it was the duty of the Commission to approve and allow the claim in a reasonable and proper amount. Stickney v. Suttle, 203 Okl. 668, 225 P.2d 799.

■ Since the Commission in entering its award failed to pass upon petitioner's claim for hospital and medical care he had a right thereafter to prosecute his claim independently and in his own name. Twin State Oil Co. v. Dodgion, 144 Okl. 100, 289 P. 779; Ranney Rig Bldg. Co. v. Givens, 141 Okl. 195, 285 P. 23; Standard Paving Co. v. Lemmon, 129 Okl. 15, 263 P. 140.

Respondents rely on the case of Wilson Drilling Co. v. Beyer, 138 Okl. 248, 280 P. 846. In that case the court held:

"Under the Workmen's Compensation Act, proceedings by a physician to recover for the value of his services in treating an injured employee engaged in hazardous employment is ancillary to proceedings by the employee to recover compensation and cannot be considered independently."

■ In that case however the injured workman never filed a claim for compensation. The physician who treated the workman two years thereafter filed before the Industrial Commission a claim for medical treatment. The Commission allowed his claim. This court on appeal held that in the absence of a claim for compensation having been filed by the workman with the State Industrial Commission it was without jurisdiction to allow petitioner's claim; that in

the absence of such claim having been filed the doctor could not prosecute his claim before the State Industrial Commission but was relegated to an action at law. In this case however claimant had on file a claim for compensation at the time petitioner filed his claim for medical and hospital care and the case cited is for this reason not in point. This case is distinguished in Twin State Oil Co. v. Dodgion, supra. In that case we held:

"The primary purpose of the State Industrial Commission is to adjust settlements between injured workmen engaged in hazardous employment and their employers. The claim of a physician for services rendered to an employee, to be cognizable by the State Industrial Commission, is dependent upon the existence of a claim for compensation for injuries by the employee, and in the absence of such primary claim such dependent claim is ordinarily relegated to the court of law, but if the claimant has filed his claim with the commission a doctor may file his claim in the same action and prosecute it in his own name."

Respondents further contend that claimant made no request or demand of either of them that they furnish him with medical treatment; that he entered the various hospitals above-mentioned on his own account and without their knowledge and that therefore they are not liable for bills contracted for hospital and medical care.

The evidence shows that claimant's employer knew that he had been injured while in their employ at Carnegie, Oklahoma, and had sent him to the hospital for treatment. They also knew that after claimant left the hospital he was in need of further medical treatment. It was therefore not necessary that claimant make specific request or demand upon his employer or its insurance carrier in order to charge them with such treatment, but under the provisions of 85 O.S.1951 § 14, it was their duty to furnish him such treatment without request or demand. This section provides:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty days after the injury or for such time in excess thereof as in the judgment of the Commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer; * * *."

In Oklahoma Utilities Co. v. Johnson, 179 Okl. 456, 66 P.2d 10, we held:

"Under section 13354, O.S.1931 [85 O.S.1951 § 14], if the employer fails or neglects to provide promptly for an injured employee medical, surgical, or other attendance or treatment, nurse and hospital service within a reasonable time after knowledge of the injury, the injured employee during the period of such neglect or failure may do so at the expense of the employer."

See, also, Pine Valley Lumber Co. v. Watson, 184 Okl. 498, 88 P.2d 610; City of Bristow v. Capps, Okl., 261 P.2d 891.

There is some discussion in the briefs of the parties relative to the authority of the Administrator of Veterans Affairs to furnish claimant hospital and medical care and to make a charge for such service. We think however he was authorized so to do by Title 38 U.S.C.A. § 706 under such limitations as the administrator might prescribe. Pursuant to the authority granted in said section the administrator promulgated regulation 6048(D) which provides for charging a veteran for hospital care and medical treatment for nonservice-connected disability. The regulation is as follows:

"Persons hospitalized pursuant to subparagraphs (C) (1) or (D) (1) to (4), inclusive, of VA Regulation 6047, (i. e., those with specified types of service in need of hospital care for nonservice-connected disability, and generally unable to pay for same), who it is believed may be entitled to hospital care or medical or surgical treatment or to reimbursement for all or part of the cost thereof, by reason of statutory,

contractual, or other relationship with third parties, including those liable for damages by reason of negligence or other legal wrong, will not be furnished hospital treatment without charge therefor to the extent of the amount for which third parties are or will become liable, and such patients will be requested to execute appropriate assignment or other instrument which will entitle the Administrator of Veterans Affairs—on behalf of the United States —to receive and to collect, directly or as assignee, from the third party or parties, to the extent of the amount for which third party is liable, the cost of such care and treatment as determined under the applicable rules and regulations, including medical fee schedules, of the Veterans Administration. The words 'by reason of statutory or contractual relationship' as used in this subparagraph include, but are not limited to (1) membership in a union, fraternal or other organization, (2) rights under a group hospitalization plan, or under any insurance contract or plan which provides for payment or reimbursement for the cost of medical or hospital care and conditions the obligation of the insurer to pay upon payment or incurrence of liability by the person covered. (3) 'Workmen's Compensation' of 'employers' liability' statutes, State or Federal. (4) right to 'maintain and cure' in admiralty."

Under the above regulation which is authorized by the federal statute, supra, the Administrator of Veterans Affairs had the authority to furnish claimant hospital and medical care and to make a reasonable charge therefor and since respondents have failed to provide claimant with proper and adequate medical treatment he had a right under the statute, supra, to obtain such treatment at the expense of respondents and since the Administrator of Veterans Affairs furnished such treatment at a Veterans Hospital he had a right to have his claim for such services in a reasonable amount allowed by the State Industrial Commission to the same extent as any other private hospital or physician. See, in this connection,

Reichle v. Hazie, 22 Cal.App.2d 543, 71 P.2d 849.

We conclude that the Commission was in error in holding that by reason of the joint petition settlement it was without jurisdiction to allow and approve petitioner's claim.

Order vacated for further proceedings in accordance with the views herein expressed.