**Reynaldo ROMERO, Petitioner,**

v.

**WORKERS' COMPENSATION COURT, CCB, Inc., and the State Insurance Fund, Respondents.**

**No. 79280.**

Supreme Court of Oklahoma.

Nov. 16, 1993.

---

Lewis A. Berkowitz, Tulsa, for petitioner.

Virginia J. Goresen, Oklahoma City, for respondent Workers' Compensation Court.

John R. Schneider, Oklahoma City, for respondent State Ins. Fund.

WATT, Justice.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

The petitioner, Dr. Reynaldo Romero, rendered medical treatment to William Ward, who the doctor claims sustained an

on-the-job injury while working for respondent Customized Commercial Builders, Inc. ("CCB"). Ward never filed a claim (Form 3) with the Workers' Compensation Court, nor did CCB ever file a Workers' Compensation Employers' First Notice of Injury (Form 2). Furthermore, no adjudication was ever made that Ward's injuries were sustained on-the-job. Notwithstanding, Dr. Romero filed a claim (Form 19) with the Workers' Compensation Court seeking payment for the medical services rendered to Ward.

The Workers' Compensation Court found that it had no jurisdiction in the matter because no Form 2 or 3 was ever filed. The court denied Dr. Romero's Form 19 request for payment and Dr. Romero appealed.

The Court of Appeals vacated the lower court's order and remanded the case for further proceedings. Upon reconsideration, the Court of Appeals issued a new opinion holding that, pursuant to 85 O.S. 1991 § 14(E), the Workers' Compensation Court had exclusive jurisdiction over Dr. Romero's Form 19 request for payment of services rendered. The respondents then filed petitions for writ of certiorari on the grounds that this case presents an issue of first impression. This Court granted certiorari on July 6, 1993.

## ISSUE

The issue presented is whether the 1986 amendment to 85 O.S. § 14(E) supersedes prior case law of this state by allowing recovery for medical services rendered where neither an employee's claim nor an employer's notice of injury have been filed with the Workers' Compensation Court and where the court has not ruled that the injury was job-related. Dr. Romero contends that the 1986 amendment to § 14(E) allows recovery even when the proper forms have not been filed. The doctor further claims that if the statute is interpreted otherwise, he will be unconstitutionally deprived of his right to recover payment for the medical services rendered to Ward.

Respondents claim that the 1986 amendment to § 14(E) merely limits the jurisdiction of the Workers' Compensation Court when a Form 2 or 3 has been filed. They assert that a Form 2 or 3 must be filed before the jurisdiction of the Workers' Compensation Court is invoked. Respondents also contend that Dr. Romero's right to recover payment would not be violated because he has the right to sue Ward in district court. We agree with respondents and affirm the judgment of the Workers' Compensation Court.

## DISCUSSION

Prior to 1986, this Court consistently held that the jurisdiction of the Workers' Compensation Court may only be invoked by the filing of a workers' compensation claim. In *Patterson Steel Co. v. Smith*, 353 P.2d 126 (Okla.1960), we held that the State Industrial Court (now the Workers' Compensation Court) cannot allow the recovery of medical expenses unless a claim for compensation has been filed by the injured employee. "In the absence of such primary proceeding brought by the employee, the dependent claim of a physician is not cognizable by the State Industrial Court and is ordinarily relegated to the courts of law." *Id.* at 128. *See also Higley v. Schlessman*, 292 P.2d 411, 415 (Okla. 1956); *O'Mara v. Andrews*, 146 Okla. 57, 58, 293 P. 257 (1930); *Wilson Drilling Co. v. Beyer*, 138 Okla. 248, 249, 280 P. 846, 847 (1929).

The 1986 amendment to 85 O.S. § 14(E) states in relevant part:

The right to recover charges for every type of medical care for personal injuries arising out of and in the course of covered employment as herein defined, shall lie solely with the Workers' Compensation Court, and all jurisdiction of the other trial courts of this state over such action is hereby abolished.

Prior to the 1986 amendment, § 14(E) contained no such language. The doctor argues that the above quoted language vests the Workers' Compensation Court with jurisdiction over his claim. However, the essential rule of statutory construction is to

ascertain the legislative intent from the *entire act* in light of the general purpose. *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 20 (Okla.1992). *See also Public Service Co. of Okla. v. Corporation Comm'n,* 842 P.2d 750, 752 (Okla.1992). Therefore, it is necessary to read § 14(E) in context with Title 85 in its entirety.

■ Reading Title 85 in its entirety makes clear that the 1986 amendment to § 14(E) does not change the jurisdictional requirements of the Workers' Compensation Court. Title 85 O.S.1991 § 3.4 explicitly states:

> All claims for any compensation or benefits under the Workers' Compensation Act shall be commenced with the filing of a notice of injury with the Administrator.
>
>     \*      \*      \*      \*      \*      \*
>
> The [Workers' Compensation] Court shall be vested with jurisdiction over all claims filed pursuant to the Workers' Compensation Act.

Section 3.4 provides that jurisdiction is not vested until a claim is filed pursuant to the Act. In the case at bar, neither a notice of injury nor a claim were ever filed with the Administrator and Ward's injuries were never adjudicated under Oklahoma law. Therefore, the court did not acquire jurisdiction to act upon the doctor's claim.

■ The jurisdiction of the Workers' Compensation Court is vested at the time an employee or employer gives notice of a work related injury. Where no notice has been filed, it is inappropriate to allow a doctor to recover for services rendered to a patient since a work related injury has not yet been established. It is only after a claim/notice has been filed, Workers' Compensation Court jurisdiction has been assumed, and an adjudication has been made that the injury was work-related, that a medical care provider may seek in the Workers' Compensation Court reimbursement for services rendered.

Dr. Romero also contends that an interpretation other than one which will allow him recovery under § 14(E) will unconstitutionally deprive him of his right to recover for the medical services rendered to Ward. Were this Court to adopt the doctor's argument, we would have to agree that the doctor has no remedy at law. We cannot subscribe to this argument. As the respondents correctly set forth, Dr. Romero's cause of action lies with the district court, where he may file an action against his patient for services rendered.

Contrary to the doctor's assertion, the above stated view is not inconsistent with our recent opinion in *Baptist Medical Center of Oklahoma, Inc. v. Transcon Lines,* 852 P.2d 139 (Okla.1993). In *Baptist,* the hospital treated a worker who sustained injuries which were determined by the Workers' Compensation Court to have been sustained while on-the-job. The worker, his employer and its insurer then filed a joint petition to close the case. The hospital, which was not a party to the joint petition and had no notice of the same, continued to treat the worker and later sought payment in the Workers' Compensation Court. This Court held that the hospital's statutory right to recover for services rendered could not be cut off by a settlement to which it was not a party. We further held that the hospital's expectation of payment for services rendered in accordance with the Workers' Compensation Act was a protected property interest which could not be terminated without affording the hospital due process of law.

■ Our decision in *Baptist* was based upon the hospital's inability to seek recourse in a court of law. The worker filed a claim and the Workers' Compensation Court ruled that the injuries were job-related. Once that jurisdiction was invoked, pursuant to § 14(E) the hospital's sole remedy was to seek reimbursement through that court. In the present case, the jurisdiction of the Workers' Compensation Court has never been properly invoked. Therefore, Dr. Romero has an adequate remedy at law and is at liberty to file an action in district court.

Notwithstanding the amendment to § 14(E), we reaffirm our prior case law which holds that a medical care provider's

claim for services rendered is ancillary to the injured worker's claim for benefits. *See Black Gold Petroleum Co. v. Hirschfield,* 182 Okl. 634, 79 P.2d 566, 569 (1938); *Swift & Co. v. Walden,* 176 Okl. 268, 55 P.2d 71, 77 (1936).

## CONCLUSION

The Workers' Compensation Court is not vested with jurisdiction over a medical care provider's claim for services rendered without the initial claim or notice of injury by the injured employee or his employer. Section 14(E) must be read in context with other provisions of Title 85 which provide that jurisdiction will be assumed only when claims comply with the Act, and any claims for compensation or benefits must be commenced by the filing of a claim or notice of injury. Neither a claim nor notice was filed in the present case, nor were Ward's injuries ever judicially determined to be job-related. Accordingly, Dr. Romero's claim for services rendered was properly dismissed.

Certiorari previously granted. The opinion of the Court of Appeals is vacated. The judgment of the Workers' Compensation Court is affirmed.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, and OPALA, JJ., concur.

ALMA WILSON, J., concurs in part, dissents in part.

KAUGER and SUMMERS, JJ., dissent.